```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STANLEY EWING and TYSEAN EWING, an
infant by his Father and Natural
Guardian, STANLEY EWING,

                Plaintiffs,

           -against-                MEMORANDUM AND ORDER
                                    05-CV-1276(JS)(ARL)

ROSLYN HIGH SCHOOL, THE ROSLYN UNION
FREE SCHOOL DISTRICT, and DAVID
GUTTMAN, in his official capacity
as Assistant Principal, JUNE GONG,
also known as JASON GONG, and
JOHN DOE #1, a/k/a "Eric,"

                Defendants.
----------------------------------X

APPEARANCES:

For Plaintiffs:     Gregory Calliste, Jr., Esq.
                    Frederick K. Brewington, Esq.
                    Law Offices of Frederick K. Brewington
                    50 Clinton Street, Suite 501
                    Hempstead, New York 11550

For Defendants:
Roslyn High School,
The Roslyn Union Free
School District, and David
Guttman, in his official
capacity as Assistant
Principal:          Lewis R. Silverman, Esq.
                    Daniel Lloyd Adams, Esq.
                    James Finbar Desmond, Jr., Esq.
                    Rutherford & Christie LLP
                    300 East 42nd Street, 18th Floor
                    New York, New York 10017-5947

June Gong also known
as Jason Gong:      Jason Gong, pro se
                    12 Edwards Street, Apt. 2A
                    Roslyn Heights, New York 11577
```

SEYBERT, District Judge:

Pending before the Court is Plaintiffs' motion in limine requesting that this Court make a finding of liability as a matter of law against Defendant June (a/k/a Jason) Gong ("Gong"), based on collateral estoppel, with respect to Plaintiffs' cause of action alleging battery against Defendant Gong. For the reasons stated below, Plaintiffs' motion in limine is DENIED.

## DISCUSSION

Plaintiffs allege that Defendant Gong assaulted Tysean Ewing ("Ewing") in the bathroom of Roslyn High School, and argue that Defendants should be precluded from litigating whether or not Gong attacked Ewing because Gong pled guilty to attempted assault and was adjudicated as a youthful offender.

Contrary to Plaintiffs' assertion, Defendant Gong was not convicted for a crime, but rather was adjudicated as a youthful offender. "[Y]"outhful offender status is not a conviction for a crime." People v. Cook, 37 N.Y.2d 591; 338 N.E.2d 619; 376 N.Y.S.2d 110 (1975); see also Green v. Montgomery, 219 F.3d 52, 58 (2d Cir. 2000) (Adjudication as a youthful offender is characterized as "civil" rather than "criminal," [and] require[s] a "finding" in lieu of a "conviction," thus "relieving the accused of the stigma of a criminal conviction," . . . and provide[s] for privacy protections for the accused after having passed through the adjudication."); Green v. Montgomery, 746 N.E.2d 1036, 1039, 95

2

N.Y.2d 693, 697, 723 N.Y.S.2d 744, 747 (2001) ("As a rule, a juvenile delinquency adjudication cannot be used against the juvenile in any other court for any other purpose."); <u>State Farm Fire & Cas. Co. v. Bongiorno</u>, 667 N.Y.S.2d 378, 380 (2d Dept. 1997) ("The confidentiality of information is part of the comprehensive legislative plan to relieve youthful offenders of the consequences of a criminal conviction and give them a "second chance").

There are certain limited exceptions where a juvenile offender status may be given preclusive effect. For instance, a juvenile offender waives his protective status by commencing a lawsuit that affirmatively places the information or conduct underlying the juvenile offender status at issue. See <u>Green,</u> 746 N.E.2d at 1041, 95 N.Y.2d at 700, 723 N.Y.S.2d at 749 (holding that juvenile offender may not turn "the shield of the privilege into a sword."). However, that is not the circumstance here. Defendant Gong has not initiated this lawsuit, and has not waived the protections of his juvenile offender status. Accordingly, Gong's juvenile adjudication may not be used for collateral estoppel purposes, and Gong may introduce evidence regarding the underlying altercation. Moreover, Plaintiffs are warned against using any terms alluding to a criminal conviction when referring to Gong's juvenile adjudication.

CONCLUSION

For the above-stated reasons, the Court DENIES Plaintiffs' motion in limine.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 3, 2008
Central Islip, New York